UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Noel Mills, M.D.,                                    Case No. 10-CV-3068 (LIB)

          Plaintiff,

v.                                                   FINAL INSTRUCTIONS

Bradley J. Qualey, M.D., and
Lakes Area Urology, P.A.,

          Defendants.

---

## I. GENERAL INSTRUCTIONS

**1.    Introduction**

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I will now give you some additional instructions.

The instructions I am about to give you are in writing and will be available to you in the jury room. This does not mean, however, that these instructions are any more important than my earlier instructions. You must follow all of my instructions, whenever given and whether in writing or not.

If these instructions differ in some respect from instructions that I gave you earlier, you must follow these instructions, not the earlier ones. But if these instructions and my earlier instructions do not conflict, you must follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others. All are important.

Neither in these instructions nor in any ruling, action, or remark that I have made during this trial have I intended to give any opinion or suggestion about what your verdict should be.

During the trial, I may have addressed some of the witnesses. Do not assume that because I did so that I have any opinion whatsoever about the case, or about the subject I addressed, or about the witness to whom I spoke. I decide all questions of law that arise during the trial, but you as jurors decide all questions of fact.

**2.    The Parties and Their Contentions**

I will now review for you the parties in this action and the positions of the parties that you will have to consider in reaching your verdict.

SCANNED
OCT 2 9 2012
U.S. DISTRICT COURT DULUTH

The plaintiff, Dr. Mills, is a retired cardiovascular-thoracic surgeon and prostate cancer survivor.  In 1993, the plaintiff underwent radical prostatectomy, or removal of the prostate gland, for prostate cancer, and he had a recurrence of his prostate cancer and underwent radiation therapy in 1998.  The plaintiff commenced this lawsuit against the defendants, Dr. Qualey and Lakes Area Urology, P.A., alleging that defendant, Dr. Qualey, was negligent in performing cystoscopic bladder surgery on July 24, 2006, for the treatment of gross hematuria - bleeding - from radiation cystitis; the plaintiff also alleges that Dr. Qualey was negligent in the information he provided to the plaintiff as to the risks attendant with the surgery as part of the process of obtaining plaintiff's consent to the surgery.  The plaintiff contends that, as a result of the alleged negligence, he sustained various personal injuries, chronic pain, emotion distress, and past and future medical expenses.

Defendants deny any negligence occurred, and they state that all of the care and treatment Dr. Qualey provided to plaintiff was reasonable, appropriate and within accepted standards of care, and that plaintiff's claimed injuries are instead the consequences of his prior prostate cancer, prostatectomy, radiation cystitis, and his advancing age.

**3.      Testimony**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony, and the extent to which their testimony is consistent with other evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.  You need to consider therefore whether a contradiction is an innocent mistake or lapse of memory or an intentional falsehood, and that may depend on whether the contradiction relates to an important fact or only a small detail.

A witness may be discredited or, as lawyers say, "impeached" by contradictory evidence. A witness may also be discredited or impeached by evidence that at some other time the witness has said or done something inconsistent with the witness's testimony in this case.  And a witness may be discredited or impeached by evidence of the witness's failure to act or speak at some other time, if that failure to act or speak is inconsistent with the witness's testimony in this case.

If you believe that a witness has been impeached and thus discredited, you may give that witness's testimony whatever weight, if any, you think it deserves.

If a witness is shown to have knowingly testified falsely about any material matter, you have a right to distrust that witness's other testimony.  You may reject that witness's testimony entirely, or you may give it whatever weight, if any, you think it deserves.

A witness "knowingly" testifies falsely if the witness does so voluntarily and intentionally and not because of mistake, or accident, or some other innocent reason.

The determination of the facts in this case rests solely with you.

## 4.    Burden of Proof

In a civil action such as this, the burden is on the plaintiff, Dr. Mills, to prove every essential element of his claim by the greater weight of the evidence. To prove something by the greater weight of the evidence is to prove that it is more likely true than not true.

To determine whether a fact is more likely true than not true, you must consider all of the evidence and decide which evidence is more believable. If, on any issue in the case, the evidence is equally balanced, you cannot find that the issue has been proved.

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of a fact. You may find that the testimony of a smaller number of witnesses about a fact is more credible than the testimony of a greater number of witnesses to the contrary. And the law does not require a party to call every possible witness to testify, or to introduce as exhibits every paper, document, or thing mentioned in the evidence in the case. The test is not which side brings in more witnesses or puts on more evidence. Rather, the test is simply whether, based on all off the evidence, you find that a particular fact is more likely true than not true.

You may have heard the phrase "proof beyond a reasonable doubt." That is a stricter standard that applies only in criminal cases. It does not apply in civil cases such as this one. You should, therefore, put it out of your minds.

## II. GOVERNING LAW

Now that I have given you some general instructions, I will instruct you on the law governing the specific claims in this case.

### 5.   Expert Testimony

Most witnesses are allowed to testify only about what they saw, heard, or experienced. Usually, they are not allowed to give their opinions.

Some witnesses, called expert witnesses, are allowed to give their opinions, because they have special training, education, and experience.

When you evaluate an expert witness's opinion, you should consider the following guidelines:

1.  The education, training, experience, knowledge and ability of the witness,
2.  The reasons given for the opinion,
3.  The sources of the information relied upon, and
4.  The other guidelines already given to you for any testimony.

You need not give this opinion testimony any more importance than other evidence.

6.      **Direct Cause**

A "direct cause" is a cause that had a substantial part in bringing about the injury.

7.      **Duty of a Doctor**

The matter before the Court is a medical negligence action.  It is sometimes referred to as medical malpractice.

Plaintiff has alleged that Defendants were negligent in providing professional health care to Noel Mills and that the defendants' negligence was a direct cause of injury to Noel Mills.

Negligence is the failure to use reasonable care under the circumstances.

Reasonable care by a doctor is care that meets an accepted standard of care a doctor who is in a similar practice would use or follow under similar circumstances.  A failure to provide care that meets an accepted standard of care under the circumstances would be negligence.

A doctor is not negligent simply because his efforts are unsuccessful.

A failure of treatment is not negligence if the treatment was an accepted treatment based on the information the doctor had or reasonably should have had, when the choice was made.

A doctor must use reasonable care to get the information needed to exercise his professional judgment.  An unsuccessful treatment chosen because a doctor did not use this reasonable care would be negligence.

8.      **Consent to treatment**

A doctor must get a patient's consent to an operation.  This consent may be stated or implied.

9.      **Informed consent**

A failure to tell a patient about the risks of treatment is negligence if:

1.  The doctor knows or should know about the risk involved in surgery or treatment;

2.  The risk is significant enough that the doctor should tell his patient about it.

    The risk is significant if:

    (a) The physician knows or should know that a reasonable person in the patient's position would regard it as significant; or

    (b) It is the type of risk that a doctor customarily tells a patient about under similar circumstances.

3.  The doctor does not tell the patient about the risk;

4.  A reasonable person in the patient's position would not have consented to the treatment or surgery if the risk had been known; and

5.  The undisclosed risk is a direct cause of harm or injury to the patient.

A failure to get informed consent is not negligence if giving the information could:

1.  Complicate or hinder the treatment;

2.  Cause enough emotional distress that a rational decision could not be made by the patient; or

3.  Cause psychological harm to the patient.

The decision not to give the information on risks must be what a doctor would do if he were following accepted standards of care under similar circumstances.

### *B. Damages*

**10.    Compensatory Damages – Personal and Property Damages – Definition**

Questions 5 and 6 in the verdict form are the damages questions.

**Answer each question independently.**

You must answer these questions regardless of your answers to the other questions on the verdict form.  Your verdict is not complete until these damages questions are answered.

When you decide damages, do not consider the possible effect of your answers to other questions.

**Damages are money.**

The term "damages" means a sum of money that will fairly and adequately compensate a person who has been injured.  Damages may include past and future harm.  It must be proved that the future harm is reasonably certain to occur.

11.     **Damages – Burden of Proof**

**Definition of "burden of proof"**

A party asking for damages must prove the nature, extent, duration, and consequences of his or her injury.

You must not decide damages based on speculation or guess.

12.    **Compensatory Damages – Personal Damages – General Instruction**

**Deciding the amount of damages**

In answering questions 5 and 6, you are to decide the amount of money that will fairly and adequately compensate Noel Mills for his past and future injury.

You may find damages for the following items, if the evidence shows they resulted from the treatment received by plaintiff, Noel Mills, on July 24, 2006.

13.     **Items of Personal Damage – Past Damages – Bodily and Mental Harm**

**Past damages for bodily and mental harm**

Items to include for past damages for bodily and mental harm:

1. Pain,

2. Disability,

3. Embarrassment, and

4. Emotional distress that Noel Mills has experienced up to the time of your verdict.

It is difficult to put an exact value on these items that are not necessarily decided on a daily or hourly basis.

**Factors to consider**

You should consider:

1. The type, extent, and severity of the injuries;

2. How painful the injuries were;

3. The treatment and pain involved in that treatment;

4. The length of time the injury or harm lasted; and

5. Any other factors you think are relevant.

14.   **Items of Personal Damage – Past Damages – Medical Supplies, Hospital and Medical Expense**

**Past damages for health care expenses**

Past damages for health care expenses may include:

1.  Medical supplies,

2.  Hospitalization, and

3.  Health care services of every kind necessary for treatment up to the time of your verdict.

**15.**     **Items of Personal Damage – Future Damages – Bodily Harm and Mental Harm**

**Future damages for bodily and mental harm**

Future damages for bodily and mental harm may include:

1.  Pain,

2.  Disability,

3.  Embarrassment, and

4.  Emotional distress, that Noel Mills is reasonably certain to experience in the future.

It is difficult to put an exact value on these items that are not necessarily decided on a daily or hourly basis.

**Factors to consider**

You should consider:

1.  The type, extent, and severity of the injuries,

2.  How painful the injuries are,

3.  The length of time the injury or harm is likely to last, and

4.  Any other factors you think are relevant.

16.     **Items of Personal Damage – Future Damages – Medical Supplies, Hospital and Medical Expense**

**Future damages for health care expenses**

Future damages for health care expenses may include:

1.  Medical supplies,

2.  Hospitalization, and

3.  Health care services of every kind reasonably certain to be necessary for treatment in the future.

17.   **Adjustment of Future Damages – Present Cash Value**

**Present cash value of damages**

After finding the dollar value of future damages for future health care expenses you must then find the present cash value of this amount, and award only the present cash value. This is called "adjusting," and is based on inflation and the fact that invested money earns interest.

**Steps in adjusting**

The flowing steps are involved in adjusting:

1.  Decide if Noel Mills is entitled to damages for future health care expenses.

2.  If so, decide the amount of these future damages in today's dollars. In doing this, you may also consider whether inflation will increase the future health care expenses.

3.  Decide for how long in the future Noel Mills will incur future health care expenses.

4.  Decide how much money Noel Mills needs if he invests it now through the time in the future when he will need it for future health care expenses.

**Damages that must be adjusted:**

You must adjust damages only for future health expenses.

**Damages not to be adjusted:**

You must not adjust damages for:

1.  Future pain,

2.  Future disability,

3.  Future emotional distress,

4.  Any past damages.

18.     **Life Expectancy Tables**

**Calculate life expectancy**

According to life expectancy tables, the future life expectancy of a 77-year-old male is 9.6 years.  This means he is expected to live to the age 86.6 years.

Use this figure to help you determine the probable life expectancy of Noel Mills.  It is not conclusive proof of life expectancy, and you are not bound by it.  It is only an estimate based on average experience.

You may find that Noel Mills might live a longer or shorter period than that given in these tables.

Consider this figure along with evidence of the health, physical condition, habits, occupation, and surroundings of Noel Mills and other circumstances that might affect his life expectancy.

19.    **Special Verdict Form**

The special verdict form asks you a series of questions related to Dr. Mills' claims.  Your answer to these factual questions will enable me to decide certain legal issues that, in cases such as this one, are reserved for the judge

Finally, the special verdict form asks you to determine damages.

20.    **Final Instructions on Jury Deliberations**

That concludes my instructions on the parties' claims and defenses.  I will now give you some final instructions about conducting your deliberations and returning your verdict.

*First*, when you go to the jury room, you must select one of your members to serve as your foreperson.  That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.  In other words, all of you must agree.

Each of you must make your own conscientious decision, but only after you have considered all of the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.  Keep in mind, however, that although you may discuss the case with each other, you still must not discuss it with anyone else, such as your family and friends, or post about it on the Internet.  Until I have accepted your verdict, you must only discuss the case with other jurors.

I know that many of you use cell phones, iPhones, iPods, iPads, Androids, Blackberries, computers, and other tools of technology.  You must not use these devices to communicate electronically with anyone about this case, including your family and friends.  That means that you must not call or text or e-mail anyone about this case, and you must not use any blog or website to communicate about this case, including Facebook, Twitter, Google+, MySpace, LinkedIn, or YouTube.  You must not use any other type of technology or social media to communicate about this case, even if I have not specifically mentioned it.  Please let me know immediately if you become aware that any juror has violated these instructions.

Further, you must only discuss the case when all jurors are present in the jury room.  So if someone leaves the room for whatever reason, you must stop discussing the case until that person returns.

Do not be afraid to change your opinions if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.  Remember at all times that you are not partisans for any party in this case.  You are judges — judges of the facts.  Your only job is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the court-security officer who will be stationed outside of the door to the jury room.  The note should be signed by one or more jurors.  I will respond as soon as possible either

in writing or orally in open court.  Remember that you should not tell anyone — including me — how your votes stand numerically.

You should know that if you do send me a note, it could take me anywhere from five minutes to an hour or two to respond.  I will try to respond as soon as possible, but I may not be able to respond immediately because, for instance, I may be in a hearing or a meeting.  I ask you to be patient and to understand that sometimes I may not be able to respond immediately to a note from you.

If you do not reach a verdict by the end of the day, I will send you a note shortly before 5:00 p.m. dismissing you and telling you when to return.  If you would like to stay past 5:00 p.m. or return before 9:00 a.m. on any particular day, please let me know as soon as possible, so that we can make staffing arrangements.

*Fourth*, your verdict must be based solely on the evidence and on the law that I have given to you in my instructions.  The verdict must be unanimous.  Nothing I have said or done is intended to suggest what your verdict should be — that is entirely for you to decide.

*Finally*, the verdict forms are simply the written notices of the decisions that you reach in this case.  You will take these forms to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the forms, sign and date them, and advise the court-security officer that you are ready to return to the courtroom.

* * *